IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>MSP—MEDICAL, MSP—CLASSIFICATION, AW GODFREY, AW MYRON BEESON, UNIT MANAGER BEN BOULEY, SOP THERAPIST TRACY VAGHN, and WARDEN LEROY KIRKEGARD,<br><br>Defendants. | CV 20-00044-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Anderson is a state prisoner, proceeding pro se and in forma pauperis. Anderson seeks relief pursuant to 42 U.S.C. § 1983. Anderson is transgender and identifies as female, accordingly the Court will use feminine pronouns herein.[1]

Anderson was previously granted leave to amend her complaint and was advised she had failed to state a claim upon which relief may be granted against a proper defendant. See, (Doc. 4.) The Court identified Anderson's potential claims but noted that she failed to bring specific factual allegations against each individual

---

[1] See e.g., (Doc. 8 at 1.)

1

defendant. *Id.* at 4. The Court then explained the nature of the potential claims it appeared Anderson was trying to raise and the type of information that needed to be provided in relation to each cause of action. *Id.* at 6-11. Anderson filed an Amended Complaint with attachments, (Docs. 6, 6-1, 6-2 & 6-3), as well as a Supplement. (Doc. 7.) Despite being provided with the Court's amended complaint form, Anderson elected not to use it.

The Court provided Anderson with an additional opportunity to amend her complaint and again explained the type of information she would need to provide. Additionally, Anderson was advised the amended document needed to be filed on or before June 14, 2021. See generally, (Doc. 8.) Anderson failed to respond to the Court's order. The Court will recommend this matter be dismissed based upon Anderson's failure to prosecute.

## I. Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Anderson has failed to file her Amended Petition within the requisite timeframe. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Anderson refuses to comply with the Court's orders. Anderson's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Anderson was provided with an explanation of the information the Court required on two separate occasions and was afforded an adequate amount of time to prepare her Amended Petition. Anderson failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.   Conclusion

Given Andersons's failure to respond to this Court's order, no further resources of the Court should be expended and the Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain that Anderson has failed to prosecute this matter and/or comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Anderson may file objections to these Findings and Recommendations within fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of June, 2021.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge