IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON, | CV 20–44–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| MSP—MEDICAL, MSP—CLASSIFICATION, AW GODFREY, AW MYRON BEESON, UNIT MANAGER BEN BOULEY, SOP THERAPIST TRACY VAGHN, and WARDEN LEROY KIRKEGARD, | |
| Defendants. | |

Before the Court is United States Magistrate Judge John T. Johnston's

Findings and Recommendation.  (Doc. 9.)  Judge Johnston recommends that

Plaintiff Michael Anderson's[1] complaint be dismissed for failure to prosecute.  (*Id.*

at 5.)  Anderson has submitted two filings in response (Docs. 10–11), but, as

discussed below, they cannot be construed as objections to Judge Johnston's

conclusions.

A party is only entitled to de novo review of those findings to which he or

she specifically objects.  28 U.S.C. § 636(b)(1)(C).  In the absence of an objection,

---

[1] Anderson is transgender and identifies as female.  As such, the Court will use feminine pronouns when referring to Anderson.

this Court reviews findings for clear error.  *United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear

error review is "significantly deferential" and exists when the Court is left with a

"definite and firm conviction that a mistake has been committed."  *United States v.*

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

In Anderson's first responsive filing, she "requests a motion to appeal the

case 6:20-cv-00044–DLC for Defendants Medical, MSP-Classification, AW

Godfrey."  (Doc. 10 at 2.)  Anderson also lays out what is essentially a settlement

offer for her claims against "MSP Medical" and "Defendant Bouly."  (*Id.* at 2–5.)

Anderson's demands include the relief sought in her complaint (Doc. 4 at 3–4),

such as access to certain hormones, gender reassignment surgery, transfer to the

women's prison, laser hair removal, and hair transplants.  (Doc. 10 at 4.)  Anderson

also demands "another inmate to help" her with her seizures, a single cell or "to be

housed with another transgender," a name change in prison records, cross gender

patdowns, and "equal protection."  (*Id.* at 5.)  Anderson's second responsive filing

are copies of what appear to be communications sent by her to Disability Rights

Montana and largely reiterate the information already submitted.  (Doc. 11.)  The

Court will not construe either of these filings as objections triggering de novo

review.

Neither of Anderson's filings attempt to rectify the defects identified by

Judge Johnston (Doc. 8) or otherwise supplement or amend her operative pleading. Even upon liberally construing these filings, the Court agrees that Anderson has failed to state a claim despite significant explanation from Judge Johnston on the allegations necessary to change that. As a final matter, the Court agrees that no appeal would be taken in good faith and will certify as such pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 9) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Anderson's complaint (Docs. 6–7) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court CERTIFIES, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal in this matter would not be taken in good faith. Despite several opportunities to cure existing defects, Anderson's complaint fails to advance claims upon which relief can be granted.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 13th day of October, 2021.

3

Dana L. Christensen, District Judge
United States District Court